IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| MINH VU HOANG | | Bankruptcy No. 05-21078-TJC |
| THANH HOANG | * | Bankruptcy No. 05-25738-TJC |
| Debtors | | (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-TJC |

                                              *     *     *

| | | |
|---|---|---|
| GARY A. ROSEN, TRUSTEE | * | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | | * |
| and | | |
| CYBELE GENERAL PARTNERSHIP | * | |
| c/o Gary A. Rosen, Trustee | | |
| One Church Street, Suite 802 | | * |
| Rockville, MD 20850 | | |
| Plaintiffs | * | |
| | | |
| vs. | * | Adversary No. _____ |
| | | |
| SIBELIUS, LLC | * | |
| 9812 Falls Road, #114-221 | | |
| Potomac, MD 20854 | * | |
| SERVE: | | |
| Alexander Khanh Anh Le, Resident Agent | * | |
| 9812 Falls Road, #114-221 | | |
| Potomac, MD 20854 | * | |
| and | | |
| ELITE REALTY, LLC | * | |
| 13911 Falconcrest Road | | |
| Germantown, MD 20874 | * | |
| SERVE: | | |
| Chau M. Nguyen, Resident Agent | * | |
| 13911 Falconcrest Road | | |
| Germantown, MD 20874 | * | |
| and | | |

RACHELLE PERLMAN                          *
3879 Rodman Street, Apt. C-63
Washington, DC 20016                      *
        and
PETER RIENT, TRUSTEE for                  *
 the McLean Gardens Condominium Unit
 Owners Association                       *
c/o Whiteford, Taylor & Preston, LLP
1025 Connecticut Avenue, NW, Suite 400    *
Washington, DC 20036-5405
        Defendants                        *

                      *     *     *     *     *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY,
INJUNCTIVE RELIEF AND FOR SALE OF REAL PROPERTY FREE AND CLEAR
OF CLAIMS AND INTERESTS**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY
JUDGE:

        COME NOW, Gary A. Rosen, Trustee for the Estates of Minh Vu Hoang, Thanh Hoang

and Minbilt Realty, Inc., and Cybele General Partnership, by and through their undersigned

counsel, and in support of their *Complaint for Declaratory Relief, Turnover of Property,*

*Injunctive Relief and for Sale of Real Property Free and Clear of Claims and Interests*,

respectfully state the following:

### Jurisdiction and Venue

        1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions

of 28 U.S.C. §1334, 28 U.S.C. §157 and U.S. District Court Local Rule No. 402.  Further, this

adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C.

§157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

### Parties

2.  On May 10, 2005, the Debtor/Defendant Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3   On July 12, 2005, the Debtor/Defendant Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4.  By Order entered August 31, 2005 in the Minh Case, the Plaintiff, Gary A. Rosen was appointed Chapter 11 Trustee therein.  By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5.  By Order entered September 23, 2005 in the Thanh Case, the Plaintiff, Gary A. Rosen was appointed Chapter 7 Trustee therein.

6.  By Order entered September 28, 2005 in both the Minh Case and the Thanh Case, this Court ordered joint administration of said cases under Case No. 05-21078-NVA.

7.  On November 25, 2005, an Involuntary Petition under Chapter 7 of the Bankruptcy Code was filed against the Plaintiff Minbilt Realty, Inc. ("Minbilt") in Case No. 05-90379-TJC.  On February 27, 2007, an *Order for Relief* was entered therein and Gary A. Rosen was appointed Trustee of the Estate created therein.

8.  The Plaintiff, Cybele General Partnership ("Cybele") is a Maryland general partnership and is the Debtor-in-Possession in Case No. 05-90432 now pending before this Court.

3

9.  The Defendant Sibelius, LLC ("Sibelius") is a limited liability company organized and existing under the laws of the State of Maryland with business address as noted in the caption hereof.

10.  The Defendant Elite Realty, LLC ("Elite") is a limited liability company organized and existing under the laws of the State of Maryland with business address as noted in the caption hereof.

11.  The Defendant Rachelle Perlman ("Perlman") is an adult resident of the District of Columbia and maintains her residence at the address noted in the caption hereof.[1]

12.  The Defendant Peter Rient, Trustee for the McLean Gardens Condominium Unit Owners Association ("Rient") is an attorney-at-law acting in the fiduciary capacity noted in his aforesaid title.  Mr. Rient retains a business address with the law firm of Whiteford, Taylor & Preston, LLP as noted in the caption hereof.

### Facts Common to All Counts

#### *Overview of Factual Background of Complaint*

13.  As hereinafter explicated in detail, the instant *Complaint* reviews the machinations of the Debtor Minh Vu Hoang, her family members, business associates and related entities (including the Defendants Sibelius and Elite) in the laundering and conversion of substantial

---

[1]      As hereinafter noted, notwithstanding the foreclosure sale of the real property which is the subject of this *Complaint* and which formerly was owned by the Defendant Perlman, those *Trustee's Deeds* provided to the successful purchaser of that property have not been offered for record to date.  As such, the Defendant Perlman remains the owner of record of said real property.  Ms. Perlman is joined as a party Defendant to these proceedings in light of her record title status as owner of the subject real property and in order to permit the proper *Lis Pendens* indexing of this action among the Land Records maintained by the Record of Deeds in the District of Columbia.

property and monies belonging to the Debtors Minh Vu Hoang and Thanh Hoang and their related and controlled entities into property purchased at public auction by the Defendant Sibelius and apparently thereafter transferred to the Defendant Elite. Specifically, during the pendency of the instant bankruptcy proceedings, the Debtor Minh Vu Hoang caused hundreds of thousands of dollars of monies controlled and owned by the bankruptcy estates herein to be utilized for the purchase of certain improved real property located at 11819 Milbern Drive, Potomac, Maryland 20854 (hereinafter "Milbern"). Following the purchase of Milbern, the Debtor Minh Vu Hoang, acting through her family members, associates and related business entities, caused Milbern to be refinanced with hundreds of thousands of dollars of the refinancing proceeds thereof diverted to facilitate the purchase of various other parcels of real property, including that real property located at 3670 38th Street, N.W., Apt. A-247, Washington, DC 20016.[2]

14. Further, the Debtor Minh Vu Hoang also caused that improved real property located at 11578 Dunloring Drive, Upper Marlboro, Maryland 20774 ("Dunloring Drive") to be purchased, at least partially, with funds belonging to the Plaintiff Minbilt. Notwithstanding the same, the Debtor Minh Vu Hoang caused Dunloring Drive to be titled in the name of Rocky, LLC ("Rocky"). Following a very brief period of ownership, the Debtor Minh Vu Hoang caused Rocky to sell Dunloring Drive and a portion of the proceeds derived therefrom to be applied towards the purchase of 38th Street in the name of the Defendants Sibelius and/or Elite.

---

[2]     The real property located at the above address formally is known as Condominium Unit No. A-247 of McLean Gardens Condominium together with the exclusive right to the use of limited common element parking space number 6-C; all of the foregoing being hereinafter collectively referred to as "38th Street".

15.  As hereinafter detailed, the Debtor Minh Vu Hoang, acting through her family members, business associates and related entities, including the Defendants Sibelius and Elite, now seeks to refinance 38th Street and garner the proceeds therefrom solely for the benefit of Sibelius and Elite to the exclusion and detriment of the bankruptcy estates herein and all creditors thereof.

### The Foreclosure Sale of Dunloring Drive

16.  On or about August 2, 2005, Gerald Danoff, *et al*, Substitute Trustees, employed by or associated with the law firm of Danoff, King & Hofmeister (hereinafter individually and collectively referred to as "Danoff") caused Dunloring Drive to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland and captioned as *Gerald Danoff, et al, Substitute Trustees, Plaintiffs v. Alan P. Branch, et al, Defendants*, Case No. CAE04-25386.

17.  At the sale conducted as aforesaid, Rocky*,* represented by Alex Le, was the successful bidder for Dunloring Drive with the high bid of $94,000.00.  See *Memorandum of Purchase at Public Auction* dated August 2, 2005 attached hereto and incorporated by reference herein as "Exhibit 1".

18.  Following the auction sale as described aforesaid, Danoff filed its *Report of Sale* with the Circuit Court for Prince George's County, Maryland; which said *Report of Sale* ultimately was ratified by that Court by its *Order* dated September 26, 2005; a copy of which said *Order* is attached hereto and incorporated by reference herein as "Exhibit 2".

19.  Following a predictable delay, closing ultimately was concluded on said sale on or about December 15, 2005 as appears by that executed *HUD-1 Settlement Statement* attached

6

hereto and incorporated by reference herein as "Exhibit 3".[3]

20.  In order to remit to Danoff the adjusted balance of the purchase price together with all closing costs, Rocky tendered unto Danoff aggregate settlement proceeds in the amount of $90,732.23.[4]  Said aggregate sum was tendered unto Danoff by two instruments as follows:

A.  Wire-transfer dated December 15, 2005 in the amount of $17,732.23 received by Danoff into its attorneys' trust account maintained at Mercantile-Safe Deposit & Trust Company ("Mercantile") and received from that account maintained by "Minbilt Realty" at Branch Banking & Trust ("BB&T") ("Dunloring Settlement Instrument No. 1").  Said wire-transfer is designated "FOR PROPERTY 11578 DUNLOPING (sic) DR UPPER MAROBORO (sic)".  See copy of *Advice of Credit for Incoming Wire* attached hereto and incorporated by reference herein as "Exhibit 4".

B.  Wire-transfer dated December 15, 2005 in the amount of **$70,000.00** received by Danoff into its attorneys' trust account maintained at Mercantile and received from that account maintained by "Vinh H Pham" at Chevy Chase Savings Bank ("Chevy Case") ("Dunloring Settlement Instrument No. 2").  See copy of *Advice of Credit for Incoming Wire* attached hereto and incorporated by reference herein as "Exhibit 5".

---

[3]    Although the *HUD-1 Settlement Statement* notes execution thereof by Rocky on December 15, 2005, the same apparently was not executed by Danoff until on or about December 28, 2005.  Notwithstanding Danoff's execution of the *HUD-1 Settlement Statement* some two weeks later, settlement appears to have been consummated on December 15, 2005.

[4]    Said aggregate settlement proceeds of $90,732.23 inexplicably are some $6.95 less than the aggregate settlement proceeds in the amount of $90,739.18 required to be paid to Danoff as reflected on the *HUD-1 Settlement Statement* attached hereto as Exhibit 3.  At the present time and in the absence of discovery and compulsory process, your Plaintiffs are unable to explain said difference.

7

**Dunloring Settlement Instrument No. 1**

21.  Dunloring Settlement Instrument No. 1 reveals that the same is advice of a wire-transfer payable from the account of Minbilt dated December 15, 2005 and payable to Danoff in the amount of $17,732.23.

22.  At the time of said transfer, Minbilt was an alleged Debtor named in that Involuntary Petition under Chapter 7 filed by your Plaintiff Gary A. Rosen, Trustee on November 25, 2005. At the time of filing of said Involuntary Petition, Mr. Rosen was the owner, in his fiduciary capacity, of the two (2) undivided 25% interests in said corporate entity formerly owned by the Debtors Minh Vu Hoang and Thanh Hoang. The remaining 50% of the equity in Minbilt then was owned by Van T. Vu and Hao Q. Vu, the sister and brother, respectively, of the Debtor Minh Vu Hoang. As the Court will recall, said siblings formerly were Debtors (collectively, the "Sibling Debtors") in this Court in Case Nos. 05-26521-TJC and 05-26765-TJC, respectively; which said Chapter 11 proceedings subsequently were concluded in the context of a global settlement by which said Sibling Debtors conveyed all of their right, title and interest unto Mr. Rosen as Trustee in all but a few of the various properties and entities owned by the Sibling Debtors. Expressly included among those assets conveyed unto Mr. Rosen as Trustee was all of the ownership interest of said Sibling Debtors in Minbilt. As such, Mr. Rosen as Trustee, and the bankruptcy estates of Minh Vu Hoang and Thanh Hoang, now are vested with 100% of the ownership interests and equity in Minbilt.

23.  All of the monies evidenced by Dunloring Settlement Instrument No. 1 are the property of the bankruptcy estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Dunloring Settlement Instrument No. 1 are the property of Rocky. Nonetheless,

Dunloring Settlement Instrument No. 1 was applied in its entirety towards the purchase of 38th Street by Rocky.

**Dunloring Settlement Instrument No. 2**

24.  Examination of Dunloring Settlement Instrument No. 2 reveals that the same is advice of a wire-transfer also dated December 15, 2005 in the amount of $70,000.00 payable from Vinh H. Pham to Danoff.  As the Court will recall from other proceedings in this case, the said Vinh H. Pham is a familiar participant in the financial machinations of Minh Vu Hoang.  In the absence of discovery and compulsory process, however, your Plaintiffs are without further information as to the significance of Mr. Pham's involvement in the purchase of Dunloring.

25.  Upon information and belief, all of the monies represented by Dunloring Settlement Instrument No. 2 will prove to be the property of the bankruptcy estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Dunloring Settlement Instrument No. 2 will prove to be the property of Rocky.  Nonetheless, Dunloring Settlement Instrument No. 2 was applied in its entirety towards the purchase of 38th Street by Rocky.

### *Post-Closing Activities Regarding 38th Street*

26.  Contemporaneous with the closing with Danoff, Rocky caused Dunloring to be sold to Carlos O. Nnamani as appears by reference to that *HUD-1 Settlement Statement* prepared by Solaris Title & Escrow, LLC ("Solaris Title") on December 20, 2005.  See copy of *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 6".  As appears by reference to that *HUD-1 Settlement Statement*, the sum of $205,580.36 was escrowed from the seller's proceeds for the purpose of the payoff of a "Beneficial Mtg"; which said lien instrument apparently was superior to the mortgage foreclosed by Danoff as recited aforesaid.

9

27.  On April 3, 2006, Solaris Title corresponded with Rocky[5] to advise of its entitlement to a refund from the aforesaid escrow in the amount of $8,149.37.  See copy of Solaris Title correspondence attached hereto and incorporated by reference herein as "Exhibit 7".  See also, copy of Solaris Title Check No. 1388 dated April 3, 2006 in the amount of $8,149.37 payable to Rocky (the "Solaris Check"); a copy of which said Solaris Check is attached hereto and incorporated by reference herein as "Exhibit 8".

### *The Foreclosure Sale of 38th Street*

28.  On or about May 16, 2006, Rient, in his capacity as the Trustee for the McLean Garden Condominium Unit Owners Association, caused 38th Street to be sold at public auction sale pursuant to a power of sale granted to said Association by *Order* of the Superior Court for the District of Columbia dated December 9, 2005 and by virtue of those powers of sale contained in DC Code, §42-1903.13.

29.  At the sale conducted as aforesaid, Sibelius, represented by the Debtor Minh Vu Hoang in stated capacities of "agent" and "member", was the successful bidder for 38th Street with a high bid of $452,000.00.  See *Memorandum of Purchase at Public Auction* dated May 16, 2006 attached hereto and incorporated by reference herein as "Exhibit 9".

30.  As set forth in the *Advertisement of Sale* for 38th Street (attached to Exhibit 9), the deposit required to be paid by the successful purchaser was in the amount of $15,000.00. Sibelius, acting through the Debtor Minh Vu Hoang, tendered said deposit unto Rient comprised

---

[5]    Interestingly, Solaris Title's correspondence to Rocky included the salutation "Dear Mr. Lee", but nonetheless was forwarded to Rocky at "9101 Clewerwall Drive, Bethesda, Maryland 20817"; which said address is, of course, the residence of the Debtors Minh Vu Hoang and Thanh Hoang.

of the following:

      A.  The Solaris Check in the amount of $8,149.37 payable to Rocky from the escrow established at closing on the resale of Dunloring as aforesaid.  (The Solaris Check being sometimes hereinafter referred to as "38th Street Deposit Instrument No. 1").

      B.  SunTrust Official Check No. 4803014735 dated April 19, 2006 payable to "Abbas Moazzami" in the amount of $6,303.66 and bearing a purchaser notation of "Kashan, LLC" ("38th Street Deposit Instrument No. 2").

      C.  Cash in the amount of $547.00.

### 38th Street Deposit Instrument No. 1

31.  As noted aforesaid, 38th Street Deposit Instrument No. 1 represents the remaining proceeds of the sale of Dunloring consummated on or about December 20, 2005 at the offices of Solaris Title; said 38th Deposit Instrument No. 1 being the balance of the escrow established for the payment of the Beneficial Mortgage on Dunloring.

32.  As explicated at length, *supra*, Dunloring was purchased, at least partially, with funds belonging to the Plaintiff Minbilt.  Nonetheless, none of the proceeds of the ultimate sale of Dunloring were paid to Minbilt and all of the proceeds of the sale of Dunloring were paid to Rocky.

33.  All of the monies represented by 38th Street Deposit Instrument No. 1 are the property of the bankruptcy estates of the Plaintiffs herein.  None of the monies evidenced by 38th Street Deposit Instrument No. 1 are the property of the Defendants Sibelius or Elite. Nonetheless, 38th Street Deposit Instrument No. 1 was applied in its entirety towards the purchase of 38th Street by Sibelius and/or Elite.

11

**38th Street Deposit Instrument No. 2**

34.  Examination of 38th Street Deposit Instrument No. 2 reveals that the same is a cashier's check payable to "Abbas Moazzami" in the amount of $6,303.66.  Further examination of that check reveals that the putative purchaser thereof is "Kashan, LLC".

35.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without information as to the identity or significance, if any, of the said payee and remitter.

36.  Upon information and belief, your Plaintiffs aver that all of the monies represented by 38th Street Deposit Instrument No. 2 will prove to be the property of the bankruptcy estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by 38th Street Deposit Instrument No. 2 will prove to be the property of the Defendants Sibelius or Elite.  Nonetheless, 38th Street Deposit Instrument No. 2 was applied in its entirety towards the purchase of 38th Street by Sibelius and/or Elite.

**38th Street Deposit Instrument No. 3**

37.  As noted aforesaid, 38th Street Deposit Instrument No. 3 is cash in the amount of $547.00.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are unable to provide any documentation or information concerning the provenance of said funds.

38.  Upon information and belief, your Plaintiffs aver that all of the monies represented by 38th Street Deposit Instrument No. 3 will prove to be the property of the Estates of the Plaintiffs herein.  Further, none of the monies evidenced by 38th Street Deposit Instrument No. 3 will prove to be the property of Sibelius or Elite.  Nonetheless, 38th Street Deposit Instrument

No. 3 was applied in its entirety towards the purchase of 38th Street by Sibelius and/or Elite.

### *Closing on the Purchase of 38th Street*

39.  Following the auction sale as described aforesaid, and consistent with foreclosure practice in the District of Columbia, Sibelius, as the purchaser of 38th Street was obliged to pay the balance of the purchase price and close upon said sale within thirty (30) days as provided by the terms of sale contained in the *Advertisement of Sale* (attached as aforesaid to Exhibit 9).

40.  Notwithstanding said requirements, Sibelius failed timely to close upon the purchase of 38th Street until July, 2006.  On July 10, 2006, Jane Saindon Dudley, Esquire, counsel for Rient, corresponded with Alex Le, a known confederate of the Debtor Minh Vu Hoang, to provide him payment requirements for closing.  As noted in Ms. Dudley's e-mail correspondence of that date, the balance of the purchase price, together with all accrued interest thereon, totaled $440,641.00.  See e-mail correspondence dated July 10, 2006 (together with responses and surresponses) attached hereto and incorporated by reference herein as "Exhibit 10".

41.  As detailed in that series of e-mail correspondence above-noted, the Debtor Minh Vu Hoang, acting through and together with her confederate Alex Le, caused the settlement sum of $440,641.00 to be paid to Rient in three installments as follows:

A.  The sum of $181,673.00 ("38th Street Settlement Installment No. 1") wire-transferred into the trust account of Whiteford, Taylor & Preston on July 17, 2006 as appears by reference to that *Transaction History* of Whiteford, Taylor & Preston (the "*Transaction History*") attached hereto and incorporated by reference herein as "Exhibit 11".

B.  The sum of $238,968.00 ("38th Street Settlement Installment No. 2") wire-transferred into the trust account of Whiteford, Taylor & Preston on July 17, 2006 as appears by

reference to the *Transaction History.*

C.  The sum of $20,000.00 (38th Street Settlement Installment No. 3") counter-deposited into the trust account of Whiteford, Taylor & Preston on July 28, 2006 as appears by reference to the *Transaction History.*

## 38th Street Settlement Installment No. 1

42.  The provenance of 38th Street Settlement Installment No. 1 requires a lengthy review of the actions of the Debtor Minh Vu Hoang, her family members, associates and related business entities in connection with that certain improved real property located at 11819 Milbern Drive, Potomac, Maryland 20854 (hereinabove defined as "Milbern").[6]

43.  On or about February 16, 2005, Howard N. Bierman, *et al*, Substitute Trustees, employed by or associated with the law firm of Bierman Geesing & Ward, LLC (hereinafter individually and collectively referred to as "Bierman") caused Milbern to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Montgomery County, Maryland and captioned as *Howard N. Bierman, et al, Substitute Trustees v. Joann Bassin, Defendant* (Case No. 253867 in the Circuit Court for Montgomery County, Maryland).

44.  At the sale conducted as aforesaid, Regency General Partnership (hereinafter "Regency"), represented by Minh Vu Hoang, was the successful bidder for Milbern with a high bid of $621,000.00.  See *Memorandum of Purchase at Public Auction* dated February 16, 2005 attached hereto and incorporated by reference herein as "Exhibit 12".  As set forth in the

---

[6]  The saga of Milbern previously was explicated for the Court in the prior *Complaint* of Mr. Rosen filed in Adversary No. 07-00318 (*Gary A. Rosen, Trustee v. OFEK, LLC , et al*).

*Advertisement of Sale* for Milbern (as attached to Exhibit 12), the deposit required to be paid by the successful purchaser was in the amount of $23,000.00.  Although the accounting detail of that deposit has been sought by compulsory process from Bierman, the same has not yet been produced for inspection and use by your Plaintiff/Trustee.

45.  Following the auction sale as described aforesaid, Bierman filed its *Report of Sale* with the Circuit Court for Montgomery County, Maryland as appears by reference to a copy thereof attached hereto and incorporated by reference herein as "Exhibit 13".  Upon information and belief, following the filing of *Exceptions to Ratification* and a hearing thereon, the *Report of Sale* was ratified by the Circuit Court for Montgomery County, Maryland on July 21, 2005.  See copy of *Order of Ratification* attached hereto and incorporated by reference herein as "Exhibit 14".

46.  Following a predictable delay, closing ultimately was conducted on said sale on or about September 19, 2005 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 15".

47.  In order to remit to Bierman the adjusted balance of the purchase price together with all closing costs, the Debtor Minh Vu Hoang acting through Regency, tendered unto Bierman aggregate settlement proceeds in the amount of $621,456.80.  Said aggregate sum was tendered unto Bierman by eleven (11) instruments:

A.  National Settlement Services, LLC Check No. 484 dated September 12, 2005 in the amount of $244,060.43 payable to "Segal General Partnership" ("Milbern Settlement Instrument No. 1"; a copy of Milbern Settlement Instrument No. 1 being attached hereto and incorporated by reference herein as "Exhibit 16").

15

B.  Cosmopolitan Real Estate Settlements, Inc. Check No. 001937 dated September 16, 2005 in the amount of $287,388.58 payable to "Greenfield GP" ("Milbern Settlement Instrument No. 2"; a copy of Settlement Instrument No. 2 being attached hereto and incorporated by reference herein as "Exhibit 17").

C.  Bierman Geesing & Ward, LLC Check No. 9388 dated August 9, 2005 in the amount of $6,600.00 payable to "Greenfield, G.P." ("Milbern Settlement Instrument No. 3"; a copy of Milbern Settlement Instrument No. 3 being attached hereto and incorporated by reference herein as "Exhibit 18").

D.  Cashier's Check issued by PNC Bank No. 00000277 dated June 20, 2005 in the amount of $3,000.00 payable to "Cybele General Partnership" ("Milbern Settlement Instrument No. 4"; a copy of Milbern Settlement Instrument No. 4 being attached hereto and incorporated by reference herein as "Exhibit 19").

E.  Shapiro & Burson, LLP Check No. 76504 dated July 18, 2005 in the amount of $9,584.01 payable to "Minh Vu Hoang, Agent for Minbilt Realty" ("Milbern Settlement Instrument No. 5"; a copy of Milbern Settlement Instrument No. 5 being attached hereto and incorporated by reference herein as "Exhibit 20").

F.  SunTrust Official Check No. 4901018129 dated August 1, 2005 in the amount of $2,500.00 payable to "Boswell General Partners" ("Milbern Settlement Instrument No. 6"; a copy of Milbern Settlement Instrument No. 6 being attached hereto and incorporated by reference herein as "Exhibit 21").

G.  Provident Bank Official Check No. 5039024975 dated August 2, 2005 in the amount of $1,900.00 payable to "First Call General Partnership/Minbilt" ("Milbern Settlement

Instrument No. 7"; a copy of Milbern Settlement Instrument No. 7 being attached hereto and incorporated by reference herein as "Exhibit 22").

       H.  Shapiro & Burson, LLP Check No. 75226 dated May 4, 2005 in the amount of $31,549.78 payable to "Junon G.P. by Alex Le" ("Milbern Settlement Instrument No. 8"; a copy of Milbern Settlement Instrument No. 8 being attached hereto and incorporated by reference herein as "Exhibit 23").

       I.  Covahey Boozer Devan & Dore, P.A. Check No. 160124 dated August 26, 2005 in the amount of $24,000.00 payable to "Dickerson G.P." ("Milbern Settlement Instrument No. 9"; a copy of Milbern Settlement Instrument No. 9 being attached hereto and incorporated by reference herein as "Exhibit 24").

       J.  Shapiro & Burson, LLP Check No. 76672 dated July 26, 2005 in the amount of $7,378.84 payable to "MINH VU HOANG, Agent for Parkchase General Partnership" ("Milbern Settlement Instrument No. 10"; a copy of Milbern Settlement Instrument No. 10 being attached hereto and incorporated by reference herein as "Exhibit 25").

       K.  Covahey, Boozer, Devan & Dore, P.A. Check No 156928 dated May 24, 2005 in the amount of $3,655.73 payable to "Lucente General Partnership" ("Milbern Settlement Instrument No. 11; a copy of Milbern Settlement Instrument No. 11 being attached hereto and incorporated by reference herein as "Exhibit 26").

*Milbern Settlement Instrument No. 1*

       48.  Examination of Milbern Settlement Instrument No. 1 reveals that the same is a check issued by National Settlement Services, LLC on September 12, 2005 in the amount of $244,060.43 and payable to "Segal General Partnership".  Further examination of Settlement

17

Instrument No. 1 reveals that the same represents the cash derived from closing on the sale of that real property located at 3511 Bunker Hill Road, Hyattsville, Maryland 20785.

49.  As is well known to the Court, Segal heretofore has been identified in numerous proceedings before the Court as an entity wholly-owned by the Debtors Minh Vu Hoang and Thanh Hoang.  In fact, your Trustee heretofore has sold several parcels of improved real property owned by Segal in proceedings before this Court.  In all of such proceedings, the Trustee's ownership of all of the equity and partnership interests in Segal expressly was made part of the record and acknowledged by all parties-in-interest, including the Debtors.[7]

50.  Further, your Plaintiffs note that the real property described in the memorandum reference on Milbern Settlement Instrument No. 1 (*i.e.*, 3511 Bunker Hill Road, Hyattsville,

---

[7]  Further, the Trustee's investigation has unearthed five (5) separate and inconsistent versions of the *Partnership Agreement* for Segal General Partnership. The first of those agreements was provided to the Trustee by Craig A. Parker, Esquire, former title counsel to the Debtor.  That agreement dated April 20, 2003 provides, inexplicably, that only a single partner exists for Segal (*i.e.*, Thanh Hoang).  See *Partnership Agreement* attached hereto and incorporated by reference herein as "Exhibit 27".  The other such agreements, variously dated March 4, 2002, January 2, 2003, June 15, 2003 and August 18, 2004, provide that the partners of Segal are: Minh Vu Hoang and Thanh Hoang; Minh Vu Hoang, Van Vu and Phong Hoang [as to a one percent (1%) interest]; Minh Vu Hoang and Thanh Hoang; and Hao Vu, Van Vu and Minh Vu Hoang, respectively.  (See *Partnership Agreements* attached hereto and incorporated by reference herein as "Exhibits 28, 29, 30 and 31", respectively").

In any event, the Plaintiff/Trustee has succeeded to the ownership of all of partnership interests in Segal (except, arguably, the alleged one percent interest of Phong Hoang) by virtue of his direct title as the Trustee of the Debtor/Defendants Minh Vu Hoang and Thanh Hoang, or by virtue of that Assignment (hereinafter somtimes referred to as the "Sibling Assignment") made by the said Van T. Vu and Hao Vu in connection with the settlement of the Trustee's *Motion for Substantive Consolidation* previously approved by this Court (hereinafter sometimes referred to as the "Consolidation Settlement").

18

Maryland 20785) was sold by Segal unto Maria Luz Valentina Bold on September 12, 2005, as appears by reference to that Deed of that date recorded among the Land Records of Prince George's County, Maryland at Liber 23404, folio 309. See copy of said Deed attached hereto and incorporated by reference herein as "Exhibit 32".

51. All of the monies represented by Milbern Settlement Instrument No. 1 were the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Milbern Settlement Instrument No. 1 were the property of Regency. Nonetheless, Milbern Settlement Instrument No. 1 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 2*

52. Cursory examination of Milbern Settlement Instrument No. 2 reveals that the same is a check issued by Cosmopolitan Real Estate Settlements, Inc. ("Cosmopolitan") dated September 16, 2005 in the amount of $287,388.58 payable to the order of Greenfield, GP.

53. Upon information and belief, Milbern Settlement Instrument No. 2 was issued by Cosmopolitan in connection with Cosmopolitan's handling of the purchase of that real property located at 5508 Winston Street, Temple Hills, Maryland ("Winston") by Xenia Castaneda from Greenfield General Partnership ("Greenfeld"); Greenfield having purchased Winston in a separate foreclosure proceeding then pending in the Circuit Court for Prince George's County, Maryland in the case of *Howard N. Bierman, et al, Substitute Trustees v. Bernard O. Sutton, Jr.* (Case No. CAE05-09136).

54. As will be more fully developed in the trial of this cause, Winston was purchased at public auction by Greenfield on or about May 24, 2005 (two weeks following the filing of the

Voluntary Petition in the case of Minh Vu Hoang) for the purchase price of $220,000.00 with a required deposit of $16,400.00 for that purchase.  See copy of *Memorandum of Purchase at Public Auction* attached hereto and incorporated by reference herein as "Exhibit 33".  That deposit on the purchase of Winston was paid with a cashier's check issued by SunTrust Bank dated May 23, 2005 in the amount of $23,000.00 payable to "Minh Vu Hoang or Alex Le" and noting that the purchaser thereof was "Minh Vu Hoang".  (See copy of cashier's check attached hereto and incorporated by reference herein as "Exhibit 34").

55.  Upon information and belief, notwithstanding that Winston was purchased in the name of Greenfeld, both the deposit as aforesaid and the remaining balance of the purchase price for Winston, was paid entirely from the proceeds of other real property owned by other Hoang entities, including Boswell General Partnership ("Boswell").

56.  In consideration of the patent use of bankruptcy estate funds for the payment of the deposit on the purchase of Winston, and the utilization of other funds traceable to the Bankruptcy Estates herein in connection with the payment of the settlement sum at the closing on Winston, your Plaintiff/Trustee respectfully urges that all of the monies represented by Milbern Settlement Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Milbern Settlement Instrument No. 2 are the property of Regency.  Nonetheless, Milbern Settlement Instrument No. 2 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 3*

57.  Examination of Milbern Settlement Instrument No. 3 reveals that the same is a check issued by Bierman dated August 9, 2005 payable in the amount of $6,600.00 unto Greenfeld.

20

Further examination of Milbern Settlement Instrument No. 3 reveals the reference at the foot thereof that the same is the "Refund of excess sale deposit [5508 Winston]".

58.   As noted in the immediately preceding discussion of Milbern Settlement Instrument No. 2, the check tendered by Greenfield in payment of the deposit on Winston was in the amount of $23,000.00 and exceeded the required deposit of $16,400.00 by $6,600.00.   As such, Milbern Settlement Instrument No. 3 represents the refund by Bierman to Greenfield of the $6,600.00 excess deposit paid by Greenfield with that check provided by Minh Vu Hoang from property of the Estates herein.   (See *Memorandum of Purchase at Public Auction* with respect to Winston and the cashier's check tendered in payment of the deposit previously identified as "Exhibits 33 and 34").

59.   All of the monies represented by Milbern Settlement Instrument No. 3 were the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.   None of the monies evidenced by Milbern Settlement Instrument No. 3 were the property of Regency.   Nonetheless, Milbern Settlement Instrument No. 3 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 4*

60.   Examination of Milbern Settlement Instrument No. 4 reveals that the same is a cashier's check issued by PNC Bank on June 20, 2005 in the amount of $3,000.00 and payable to Cybele General Partnership.   Further examination of Milbern Settlement Instrument No. 4 reveals that the remitter thereof was "Sudhakar Kota".

61.   Patently, Milbern Settlement Instrument No. 4 is property of the Bankruptcy Estate of Cybele, the Debtor in Bankruptcy No. 05-90432 now pending before this Court.   As the

record of that proceeding will reflect, all of the equity in Cybele is owned by the Debtors Minh

Vu Hoang and Thanh Hoang.[8]

62.  All of the monies represented by Milbern Settlement Instrument No. 4 are the

property of the Bankruptcy Estates of Cybele, Minh Vu Hoang and/or Thanh Hoang.  None of

the monies evidenced by Milbern Settlement Instrument No. 4 are the property of Regency.

Nonetheless, Milbern Settlement Instrument No. 4 was applied in its entirety towards the

purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 5*

63.  Review of Milbern Settlement Instrument No. 5 reveals that the same is a check

issued by Shapiro & Burson, LLP ("Burson") dated July 18, 2005 in the amount of $9,584.01

payable to the Debtor Minh Vu Hoang as agent for Minbilt Realty.

64.  The Plaintiffs respectfully submit that it is obvious that Milbern Settlement

Instrument No. 5 is property of the Bankruptcy Estates herein.

65.  All of the monies represented by Milbern Settlement Instrument No. 5 are the

property of the Bankruptcy Estates of Minh Vu Hoang, Thanh Hoang and/or Minbilt.  None of

---

[8]     Perhaps unsurprisingly, your Trustee's investigation now has unearthed seven (7)
separate *Partnership Agreements* for Cybele; all of which reflect that the partners
of Cybele are the Debtors Minh Vu Hoang and Thanh Hoang or the previously
identified Hao Vu and Van T. Vu.  (See *Partnership Agreements* attached hereto
and incorporated by reference herein as "Exhibits 35, 36, 37, 38, 39, 40, 41 and
42").  Further, a *Partnership Resolution* and a *Certificate of Incumbancy* (sic)
prepared for Cybele also confirm the same.  (See *Partnership Resolution* and
*Certificate of Incumbancy* (sic) attached hereto and incorporated by reference
herein as "Exhibits 43 and 44").  In any event, it is beyond cavil that all of the
ownership in Cybele is owned by the Bankruptcy Estates herein either by direct
vesting in the Trustee of the interests of the Debtors Minh Vu Hoang and Thanh
Hoang, or by the Sibling Assignment from the said Hao Vu and Van T. Vu as
heretofore approved in the Consolidation Settlement.

the monies evidenced by Milbern Settlement Instrument No. 5 are the property of Regency. Nonetheless, Milbern Settlement Instrument No. 5 is applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 6*

66.   Examination of Milbern Settlement Instrument No. 6 reveals that the same is a cashier's check issued by SunTrust dated August 1, 2005 in the amount of $2,500.00 payable to "Boswell General Partners" and bearing the name of the purchaser thereof as "Anthony Taylor". Further, said check bears a hand-written notation "rents for 8420 Governor Bradford Lane, Ellicott City, MD 21043".

67.   Boswell is a putative general partnership wholly-owned by the Bankruptcy Estates herein as is reflected in those two *Partnership Agreements* and a separate partnership resolution discovered by the Trustee in the course of his investigation of the Debtor's affairs.  Those *Partnership Agreements* include a *Partnership Agreement* dated October 1, 2004 noting the partners thereof as Thanh Hoang (as to a 90% interest) and Van T. Vu (as to the remaining 10% interest) as well as a separate *Partnership Agreement* dated a few weeks before on September 15, 2004 noting the owners of Boswell as Hao Vu and Van T. Vu (as to respective 45% interest) and Minh Vu Hoang (as to an unapparently conditional 10% interests).  See *Partnership Agreements* attached hereto and incorporated by reference herein as "Exhibits 45 and 46".  See also *Partnership Resolution* dated June 4, 2005 purporting to confirm the ownership of Boswell in the names of Thanh Hoang and Van T. Vu.   See copy of *Partnership Resolution* attached hereto and incorporated by reference herein as "Exhibit 47".

68.   Your Plaintiff, Gary A. Rosen, Trustee respectfully notes that he is vested directly

with the ownership interest of Thanh Hoang in Boswell and is the owner also of the interest of Van T. Vu by virtue of the Sibling Assignment delivered in connection with the Consolidation Settlement.

69.   All of the monies represented by Milbern Settlement Instrument No. 6 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.   None of the monies evidenced by Milbern Settlement Instrument No. 6 are the property of Regency.   Nonetheless, Milbern Settlement Interest No. 6 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 7*

70.   Review of Milbern Settlement Instrument No. 7 reflects that the same is a cashier's check issued by Provident Bank dated August 2, 2005 in the amount of $1,900.00 and payable to the order of "First Call General Partnership/Minbilt" and bears also the reference "re: Arlo Allen".   Careful examination of Milbern Settlement Instrument No. 7 reveals also a partially legible hand-written reference including the phrase "13911 Piscataway".

71.   As hereinabove noted, the co-payee Minbilt, of course, is a Debtor in this Court and, through Mr. Rosen, is one of the Plaintiffs herein.   Further, all of the equity in Minbilt now is owned by your Plaintiff/Trustee and the Bankruptcy Estates herein.   Also, First Call General Partnership is a known alter-ego routinely employed by the Debtor Minh Vu Hoang in connection with her decades-old business involving and sale of distressed real property throughout the Washington Metropolitan area.   By the utilization of said alter-ego, among others, said Debtor Minh Vu Hoang routinely obscures the actual ownership by her of various properties to the detriment of her creditors.

72.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to provide the identity or significance, if any, of the remitter Arlo Allen.  All of the monies represented by Milbern Settlement Instrument No. 7 are the property of the Bankruptcy Estates of Minh Vu Hoang, Thanh Hoang and/or Minbilt.  None of the monies evidenced by Milbern Settlement Instrument No. 7 are the property of Regency.  Nonetheless, Milbern Settlement Instrument No. 7 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 8*

73.  Milbern Settlement Instrument No. 8 reveals that the same is a check drawn upon the account of Burson dated May 4, 2005 in the amount of $31,549.78 payable to "Junon G.P. by Alex Le".

74.  Junon is a putative Maryland general partnership and/or an alter-ego routinely utilized by the Debtor Minh Vu Hoang in order to obscure and conceal her ownership of real property in the operation of her business activities.  Your Plaintiffs' investigation has revealed the existence of at least three separate *Partnership Agreements* for Junon; all of which identify the owners of Junon as Hao Vu (as to a 45% interest), Van T. Vu (as to a 45% interest) and Minh Vu Hoang (as to an apparently conditional 10% interest therein).   As previously reviewed in the body of this *Complaint* with respect to similar entities, the Plaintiff, Gary A. Rosen, Trustee directly is vested with ownership of the interest of the Debtor Minh Vu Hoang and indirectly with the ownership interests of Hao Vu and Van T. Vu by virtue of their assignment of the same in connection with the settlement of the Trustee's *Motion for Substantive Consolidation* as previously approved by this Court.  See copies of *Partnership Agreements* attached hereto and

incorporated by reference herein as "Exhibits 48, 49 and 50", respectively.

75.  All of the monies represented by Milbern Settlement Instrument No. 8 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Milbern Settlement Instrument No. 8 are the property of Regency.  Nonetheless, Milbern Settlement Instrument No. 8 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 9*

76.  Examination of Milbern Settlement Instrument No. 9 reveals that the same is a check issued by Covahey Boozer Devan & Dore, P.A. (hereinafter "Covahey") dated August 26, 2005 in the amount of $24,000.00 and payable to "Dickerson G.P." and bears the notation "Deposit refund".

77.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to discuss the provenance of the monies evidenced by Milbern Settlement Instrument No. 9.

78.  Nonetheless, your Plaintiffs believe, and therefore aver, that following such discovery and compulsory process, all of the monies represented by Milbern Settlement Instrument No. 9 will be determined to be the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Milbern Settlement Instrument No. 9 will prove to be the property of Regency.  Nonetheless, Milbern Settlement Instrument No. 9 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 10*

79.  Review of Milbern Settlement Instrument No. 10 reveals that the same is a check

issued by Burson dated September 26, 2005 in the amount of $7,378.84 and payable to "Minh Vu Hoang, Agent for Parkchase General Partnership".

80. At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to discuss the provenance of the monies evidenced by Milbern Settlement Instrument No. 10.

81. Nonetheless, your Plaintiffs believe, and therefore aver, that following such discovery and compulsory process, all of the monies represented by Milbern Settlement Instrument No. 10 will be determined to be the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Milbern Settlement Instrument No. 10 will prove to be the property of Regency. Nonetheless, Milbern Settlement Instrument No. 10 was applied in its entirety towards the purchase of Milbern by Regency.

### *Milbern Settlement Instrument No. 11*

82. Examination of Milbern Settlement Instrument No. 11 reveals that the same is a check issued by Covahey dated May 24, 2005 in the amount of $3,655.73 and payable to "Lucente General Partnership" and bearing the reference "surplus deposit".

83. At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to discuss the provenance of the monies evidenced by Milbern Settlement Instrument No. 11.

84. Nonetheless, your Plaintiffs believe, and therefore aver, that following such discovery and compulsory process, all of the monies represented by Milbern Settlement Instrument No. 11 will be determined to be the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Milbern Settlement Instrument No.

11 will prove to be the property of Regency.  Nonetheless, Milbern Settlement Instrument No. 11 was applied in its entirety towards the purchase of Milbern by Regency.

### *The Retitling of Milbern (Or, What's In a Name?)*

85.  Following the tender of the balance of the purchase price at settlement as above-described, Bierman tendered to Regency ("Attn: Alex Le") at the residence address of the Debtor Minh Vu Hoang, the duly executed *Trustee's Deed* and *HUD-1 Settlement Statement* for Milbern.  See Bierman correspondence, *Deed* and *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 51".

86.  As a review of the *Deed* tendered by Bierman (and previously identified as part of Exhibit 53) will reveal, that *Deed* identified the Grantee thereof as "Regency General Partnership" consistent with the *Report of Sale* and *Order of Final Ratification* of said sale.  Interestingly, said *Deed* was not thereafter recorded in the form executed and delivered by Bierman.  Rather, some fifteen months later, on December 19, 2006, a different form of said *Deed* was offered for record among the Land Records of Montgomery County, Maryland.  That *Deed* recorded among said land records at Liber 33499, folio 449 purports to convey Milbern not to Regency General Partnership, but rather to "Alexander Khanh Anh Le for Regency Limited Liability Company (converted from Regency General Partnership)".  In addition to the fact that said *Deed* is inconsistent with the authority granted to the Trustees by the ratification of the *Report of Sale*, the pages of said *Deed* do not appear logically to continue from page one to page two.  Further, although a final determination is the exclusive province of a qualified documents examiner, the signatures on the recorded *Deed* appear facially to be irregular.  See copy of recorded *Deed* attached hereto and incorporated by reference herein as "Exhibit 52".

87.  Inspection of the Land Records of Montgomery County, Maryland reveals that immediately following the recording of that questionable *Deed* as aforesaid is a *Purchase Money Deed of Trust* recorded for the benefit of Mortgage Lenders Network, USA, Inc. ("Mortgage Lenders").  That Deed of Trust notes the borrower as neither Regency General Partnership nor Regency, LLC, but instead as "Alexander Khanh Anh Le" without any reference to any Regency entity.  See copy of *Purchase Money Deed of Trust* recorded at Liber 33499, folio 453 among the Land Records of Montgomery County, Maryland attached hereto and incorporated by reference herein as "Exhibit 53".[9]

88.  Finally, that inspection of the Land Records reveals that on December 29, 2006, a *Deed* dated October 30, 2006 was recorded at Liber 33562, folio 315 purporting to convey Milbern to Herbert E. Marcia and Himnou Abdoulaye; which said *Deed* again was executed solely by "Alexander Khanh Anh Le" without any reference to any of the Regency entities.  See copy of *Deed* attached hereto and incorporated by reference herein as "Exhibit 54".

### *The Refinancing of Milbern*

89.  As noted in Paragraph 87, *supra*, Mr. Le acted on June 29, 2006 to refinance his putative ownership interest in Milbern with Mortgage Lenders.  In connection therewith, Express Financial Services, Inc. ("Express") provided settlement services to Mr. Le and Mortgage Lenders as appears by reference to that *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 55".

90.  As is evidenced by that *HUD-1 Settlement Statement* and by the *Final Disbursement*

---

[9]    See discussion of disposition of proceeds of said refinancing in the immediately following section of this *Complaint*.

*Report* of Express attached hereto and incorporated by reference herein as "Exhibit 56", Mr. Le received net settlement proceeds of $39,487.20 by Express Check No. 141642 as noted at Line 303 of the *HUD-1 Settlement Statement* and as further explicated at Section II (Disbursements) Item 3 of the *Final Disbursement Report*.  Further, Greenfield received from said closing the sum of $287,388.58 by Express Check No. 141661 as appears by reference to Line 104 ("Payoff to First Loan") of the *HUD-1 Settlement Statement* and Section II (Disbursements), Item 11.[10]

### The Laundering of the Milbern Proceeds

91.  As noted in the immediately preceding section of this *Complaint*, on June 29, 2006, Mr. Le refinanced his putative ownership interest in Milbern and obtained as a result thereof, *inter alia*, Express Check No. 141661 dated July 6, 2006 in the amount of $287,388.58 payable to "Greenfield, G.P." (the "Greenfield Check"; a copy of which said Greenfield Check is attached hereto and incorporated by reference herein as "Exhibit 57".

92.  On July 13, 2006, Mr. Le caused the Greenfield Check to be deposited into that account maintained by Greenfield at M&T Bank and bearing Account No. 9835062515 (the "Greenfield Account") as appears by reference to the monthly *Statement* for said account; a copy of which *Statement* is attached hereto and incorporated by reference herein as "Exhibit 58".

93.  On July 17, 2006, the Debtor Minh Vu Hoang, acting through and together with Mr. Le caused the sum of $181,673.00 to be wire-transferred from the Greenfield Account to

---

[10]    The Express *Final Disbursement Report* reflects that the settlement agent originally contemplated paying-off the first loan to "Durang, LLC" by Check No. 141643 (Disbursement Item No. 4); which said check was voided as appears by reference to Disbursement Item No. 10.  Upon information and belief, and upon due review of the on-line Land Records for Montgomery County, Maryland, neither Durang, LLC nor Greenfield ever held a recorded lien against Milbern.

"Whiteford, Taylor & Preston, LLP" as appears by reference to the *Statement* for the Greenfield Account.  See also, *Manufacturers & Traders Trust Company Request for Funds Transfer Payment Order* dated July 17, 2006 executed by Mr. Le on behalf of Greenfield directly said wire-transfer including thereon the reference "Himnou Aboulaye Loan to Elite Realty, LLC". (See copy attached hereto and incorporated by reference herein as "Exhibit 59").

94. In consideration of the foregoing, your Plaintiffs respectfully submit that all of the monies represented by 38th Street Settlement Instrument No. 1 are the property of the bankruptcy estates of the Plaintiffs herein.  None of the monies evidenced by 38th Street Settlement Instrument No. 1 are the property of the Defendants Sibelius or Elite.  Nonetheless, 38th Street Settlement Instrument No. 1 was applied in its entirety towards the purchase of 38th Street by Sibelius and/or Elite.

## 38th Street Settlement Installment No. 2

95.  As noted aforesaid, 38th Street Settlement Installment No. 2 is in the amount of $238,968.00 wire-transferred into the trust account of Whiteford, Taylor & Preston on July 17, 2006.

96.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to discuss the provenance of the monies evidenced by 38th Street Settlement Installment No. 2.

97.  Upon information and belief, however, all of the monies represented by 38th Street Settlement Installment No. 2 will prove to be the property of the bankruptcy estates of the Plaintiffs herein.  None of the monies evidenced by 38th Street Settlement Installment No. 2 will prove to be the property of the Defendant Sibelius or Elite.  Nonetheless, 38th Street Settlement

Installment No. 2 was applied in its entirety towards the purchase of 38th Street by Sibelius and/or Elite.

## 38th Street Settlement Installment No. 3

98.  As noted aforesaid, 38th Street Settlement Installment No. 3 is a payment of $20,000.00 counter-deposited into the trust account of Whiteford, Taylor & Preston on July 28, 2006 as appears by reference to the Whiteford, Taylor & Preston *Transaction History* heretofore identified as Exhibit 11.

99.  Careful review of the Whiteford, Taylor & Preston *Transaction History* reveals that the reference number for said counter deposit is "5301025926".

100.  Review of that account statement dated July 31, 2006 for checking account 0005154816390 maintained by the Defendant Sibelius at BB&T reveals that on July 28, 2006, Check No. 155 in the amount of $20,000.00 and bearing reference number "5301025926" was paid from that account.  See copy of account statement attached hereto and incorporated by reference herein as "Exhibit 60".[11]

101.  Upon information and belief, the counter deposit made into the trust account of Whiteford, Taylor & Preston on July 28, 2006 consisted of the aforesaid Check No. 155 in the amount of $20,000.00 from the account of Sibelius.

102.  At the present time, and in the absence of discovery and compulsory process, your Plaintiffs are without sufficient information to discuss the provenance of the monies evidenced by 38th Street Settlement Installment No. 3.

---

[11]     The Debor Minh Vu Hoang is the sole signatory on said Sibelius account at BB&T as appears by reference to that *BB&T Signature Card (Maryland)* attached hereto and incorporated by reference herein as "Exhibit 61".

103.   Nonetheless, your Plaintiffs believe, and therefore aver, that following such discovery and compulsory process, all of the monies represented by 38th Street Settlement Installment No. 3 will be determined to be the property of the bankruptcy estates of the Plaintiffs herein.  None of the monies evidenced by 38th Street Settlement Installment No. 3 will prove to be the property of the Defendants Sibelius and/or Elite.  Nonetheless, 38th Street Settlement Instrument No. 3 was applied in its entirety towards the purchase of 38th Street by the Defendants Sibelius and/or Elite.

### *Post-Closing Activities Regarding 38th Street*

104.   Following the closing on 38th Street which finally was consummated on or about July 28, 2006, the Debtor Minh Vu Hoang, acting on behalf of the Defendant Sibelius, requested that Rient forbear from the execution and delivery of a deed to Sibelius pending a decision by the Debtor Minh Vu Hoang as to that entity in whose name she desired to cause title to be taken to 38th Street.[12]  Finally, in the absence of direction from the Debtor Minh Vu Hoang to the contrary, Rient, acting through his counsel, Ms. Dudley, executed his Trustee's *Deed* conveying 38th Street to the Defendant Sibelius and forwarded the same to the Defendant Sibelius c/o the Debtor Minh Vu Hoang.  See copy of correspondence and enclosed *Deed* attached hereto and incorporated by reference herein as "Exhibit 63".

105.   Subsequent to the delivery of the Trustee's *Deed* as aforesaid, the Debtor Minh Vu Hoang contacted Rient in the spring of 2007 and advised him of her desire to cause 38th Street to

---

[12]     See also e-mail exchange between Mr. Le and Ms. Dudley dated July 17, 2006 regarding intention of Sibelius to take title 38th Street in the name of "MVHP, LLC"; a copy of which is attached hereto and incorporated by reference herein as "Exhibit 62".  Your Plaintiffs have discovered no evidence that said intention ever was carried to fruition.

be conveyed instead unto the Defendant Elite.  In connection therewith, and pursuant to a request from Rient for evidence of an assignment of Sibelius' interest in 38th Street to Elite, the Debtor Minh Vu Hoang caused to be delivered to Rient and his counsel, Ms. Dudley, an *Assignment* purportedly dated July 10, 2006 conveying all of Sibelius' interest in 38th Street.  See copy of *Assignment* attached hereto and incorporated by reference herein as "Exhibit 64".

106.  Acting upon the aforesaid request of the Debtor Minh Vu Hoang, Rient executed his revised form of Trustee's *Deed* on April 11, 2007 and caused the same to be delivered to Elite at that same address theretofore utilized by the Debtor Minh Vu Hoang for correspondence to the Defendant Sibelius.  See copy of the revised Trustee's *Deed* attached hereto and incorporated by reference herein as "Exhibit 65".

107.  Notwithstanding the delivery of the original Trustee's *Deed* in December, 2006 and the delivery of the revised Trustee's *Deed* in April, 2007, neither of said *Deeds* has been offered for record in the Office of the Recorder of Deeds for the District of Columbia.  As such, title to 38th Street remains vested as a matter of record in the Defendant Perlman.

### *Recent Developments Regarding 38th Street*

108.  On or about August 20, 2007, Ms. Dudley received that fax correspondence attached hereto and incorporated by reference herein as "Exhibit 66".  Although said fax correspondence purports to be from Alex Le, your Plaintiffs believe that the handwriting thereon patently is that of the Debtor Minh Vu Hoang.[13]

---

[13]    Upon due inquiry to Whiteford, Taylor & Preston, your Plaintiffs are informed that said fax correspondence originated from 301.656.1105.  See email correspondence from Whiteford, Taylor & Preston attached hereto and incorporated by reference herein as "Exhibit 67".  The undersigned counsel for the Plaintiffs has confirmed that said fax number is associated with the law offices

109.  In said correspondence, the correspondent (either Mr. Le or Ms. Hoang) advised that Elite is in the process of attempting to refinance 38th Street.  In that regard, said fax correspondence forwarded a copy of e-mail correspondence from a title firm in Washington, DC advising of certain conditions precedent to the issuance of title insurance on 38th Street in the name of Elite.  As such, said correspondent inquired as to whether Whiteford, Taylor & Preston or its title company would be willing to close on said refinance transaction and issue title insurance with respect thereto.

110.  On the following day, Ms. Dudley received e-mail correspondence purportedly from Mr. Le renewing the request for assistance with said title transaction.  As noted in Ms. Dudley's reply, Whiteford, Taylor & Preston declined the opportunity of that representation.  See copy of e-mail correspondence series attached hereto and incorporated by reference herein as "Exhibit 68".

111.  Your Plaintiffs have made request of Rient that he take no further action to cooperate with the Defendants Sibelius and/or Elite with regard to the execution and delivery of any additional Trustee's *Deeds* or any other instruments related to the title to 38th Street.  However, your Plaintiffs reasonably are concerned that Rient thereby may have been placed in an untenable position in respect of his continuing duties as a Trustee in the foreclosure proceedings.

112.  Your Plaintiffs desire consideration by this Court of the above-described factual *milleu* as supplemented by contemplated discovery herein.  Upon consideration of the factual background, your Plaintiffs seek the issuance by this Court of a declaration of the ownership

---

of Jeffrey Harab, Esquire, 4600 North Park Avenue, Chevy Chase, MD 20815.

rights of the parties with respect to 38th Street.

113.  Further, your Plaintiffs desire injunctive relief to preserve the *status quo ante* with respect to the title to 38th Street and to shield Rient from the consequences of the Hobson's Choice with which he may hereafter be confronted.

114.  Finally, your Plaintiffs seek authority from this Court permitting the Plaintiff, Gary A. Rosen, Trustee, *pendente lite*, to take possession and control of 38th Street and to manage said property including the rental of the same.  Further, your Plaintiffs seek authority from this Court for the said Gary A. Rosen, Trustee to market and list 38th Street for sale, and further authorizing the said Gary A. Rosen, Trustee to consummate a sale of 38th Street upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

115.  Finally, in order to protect the interests of all parties, your Plaintiffs seek an Order requiring the said Gary A. Rosen, Trustee to account for all income and expenses related to 38th Street, and further requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

116.  In the absence of such injunctive relief, your Plaintiffs respectfully urge that the estates are placed at high risk of immediate and irreparable injury, loss and damage.

**Count I**
**(Declaratory Relief - Constructive Trust**)

117.  The allegations contained in Paragraphs 1 through 116, *supra*, hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

118.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiffs and the Defendants Sibelius and Elite with regard to the ownership of 38th Street as contemplated in and

authorized by 28 U.S.C. §2201.

119.  As set forth aforesaid, the circumstances under which the Defendants Sibelius and/or Elite acquired title to 38th Street renders it inequitable for Sibelius and/or Elite to continue so to hold title against the interests of the Plaintiffs and the bankruptcy estates herein.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  DECLARE that 38th Street is the lawful property of the Plaintiffs herein and the bankruptcy estates herein.

2. IMPOSE a constructive trust upon 38th Street for the exclusive benefit of the Plaintiffs and the bankruptcy estates herein.

3.  DECLARE that the Defendants Sibelius and Elite are without any legal right, title or interest in 38th Street.

4.  DECLARE that the Trustee is entitled to all dominion and control over 38th Street.

5.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count II
### (Turnover of Property to Plaintiffs)

120.  The allegations contained in Paragraphs 1 through 119, *supra*, hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

121. 38th Street is property of the Estates as defined in 11 U.S.C. §541 which the Plaintiffs may use, sell or lease pursuant to 11 U.S.C. §363.  As such, the Defendants Sibelius and Elite are obliged and should be required to deliver control of 38th Street to the Plaintiffs and account for 38th Street (including, *inter alia*, all rental or other income derived therefrom since May 16, 2006), or the value thereof, pursuant to 11 U.S.C. §542(a).

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  ORDER that the Defendants Sibelius and Elite, and all persons acting in concert or cooperation with them, deliver and turnover to the Plaintiffs all of their right, title and interest in and to 38th Street including, *inter alia*, the execution and delivery to the Plaintiff Gary A. Rosen, Trustee of a good and sufficient Deed to 38th Street in form and content sufficient to effect change of record title thereto among the Land Records maintained by the Recorder of Deeds of the District of Columbia.

2.  ORDER that the Defendants Sibelius and Elite further provide to the Trustee and file herein a complete accounting of all income and rents derived from 38th Street from May 16, 2006 to date.

3.  AUTHORIZE and DIRECT the Plaintiff, Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage 38th Street, including the rental thereof; subject to the obligation of the said Gary A. Rosen, Trustee administratively to segregate the funds derived from 38th Street and to account for the same from time to time.

4.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count III
### (Injunctive Relief – Defendants Sibelius and Elite)

122.  The allegations contained in Paragraphs 1 through 121, *supra*, hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

123.  As is described aforesaid, the actions of the Defendants Sibelius and Elite in seeking assistance in connection with a prospective refinancing of 38th Street raises the spectre of the imminent prospective transfer of a valuable interest in 38th Street to a third-party.

124.  In order to protect the interests of the Plaintiffs and the bankruptcy estates herein in 38th Street, and in order to preserve the *status quo ante*, your Plaintiffs respectfully urge that the Defendants Sibelius and Elite  must be restrained and enjoined from: (a) the recordation of the original *Trustee's Deed* or any revised or replacement *Trustee's Deed* for 38th Street; or (b) the transfer of any interest in or the creation of any lien or encumbrance upon 38th Street.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Sibelius and Elite, and all persons acting in cooperation or concert with them, from the recordation of the original Trustee's *Deed*, the revised *Trustee's Deed* or any replacement *Trustee's Deed* for 38th Street.

2.  TEMPORARILY RESTRAIN and/or PRELIMINARY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Sibelius and Elite, and all persons acting in cooperation or concert with them, from taking any action to transfer any interest in 38th Street, legal or equitable, fee simple or leasehold, partial or otherwise, and from encumbering in anyway the title to 38th Street, except as otherwise ordered by this Court.

3.  TEMPORARILY RESTRAIN and/or PRELIMINARY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Sibelius and Elite, and all persons acting in cooperation or concert with them, affirmatively to execute and deliver unto the Plaintiff, Gary A. Rosen, Trustee a good and sufficient *Deed* to 38th Street in form and content sufficient to effect change of record title thereto among the Land Records maintained by the Recorder of Deeds of the District of Columbia.

4.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or

PERMANENTLY ENJOIN the Defendants Sibelius and Elite, and all persons acting in cooperation or concert with them, from taking any action to hinder, obstruct, impede or otherwise frustrate the Trustee in his management of 38th Street and the marketing and sale of 38th Street.

5.   ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count IV
### (Injunctive Relief - Defendant Rient)

125.  The allegations contained in Paragraphs 1 through 124, *supra*, hereby are incorporated by reference in the body of this Count IV as if fully set forth herein.

126. As is described aforesaid, the historical conduct of the Defendants Sibelius and Elite herein requesting the revision of the *Trustee's Deed* required to be delivered by Rient in the discharge of his duties as Foreclosure Trustee raises the spectre of a further repetition of such conduct and the possible transfer of 38th Street to yet additional parties.

127.  In order to protect the interest of the Estates in 38th Street, and in order to provide Rient the protection of a Court Order prohibiting the execution and delivery of such additional *Trustee's Deeds*, your Plaintiffs respectfully urge that the Defendant Rient should be restrained and enjoined from the execution and delivery of any further *Trustee's Deeds* with respect to 38th Street.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Rient, and all persons acting in concert or cooperation with him, from the execution or delivery of any further *Trustee's Deeds* with regard to 38th

Street,  except as otherwise ordered by this Court.

2.   TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or

PERMANENTLY ENJOIN the Defendant Rient, and all persons acting in concert or cooperation

with him, to execute and deliver unto the Plaintiff, Gary A. Rosen, Trustee a good and sufficient

*Deed* to 38th Street in form and content sufficient to effect change of record title thereto among

the Land Records maintained by the Recorder of Deeds for the District of Columbia.

3.   ORDER such other and further relief as the nature of this cause and the interests of

justice may require.

**Count V**
**(Sale Free and Clear)**

128.  The allegations contained in Paragraphs 1 through 127, *supra*, hereby are

incorporated by reference in the body of this Count V as if fully set forth herein.

129.  38th Street constitutes property of the bankruptcy estates herein.

130.  The purported interest of the Defendants Sibelius and Elite in 38th Street are in *bona*

*fide* dispute as described aforesaid and as contemplated in 11 U.S.C. §363(f)(4).

131.  Your Plaintiffs desire that the Plaintiff, Gary A. Rosen, Trustee sell 38th Street free

and clear of the interests of the Defendants Sibelius and Elite with the interests of the said

Sibelius and Elite, if any, attaching to the net proceeds derived from said sale.

132.  Your Plaintiffs propose that the Plaintiff, Gary A. Rosen, Trustee market and sell

38th Street through the utilization of the local multiple listing services and the services of an

agent to be approved by this Court.  Upon receipt of an offer acceptable to him, your Trustee

proposes to provide *Notice* of his intended sale of 38th Street as required by the provisions of 11

U.S.C. §363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee to sell 38th Street free and clear of all interests of the Defendants Sibelius and Elite with all such valid interests, if any, attaching to the net proceeds derived from said sale.

2.  AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list 38th Street for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefor by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure.

3.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

GARY A. ROSEN, CHARTERED

Dated:  August 24, 2007                    By: _____*/s/ Gary A. Rosen*_____
                                                    Gary A. Rosen
                                                    One Church Street, Suite 802
                                                    Rockville, MD 20850-4158
                                                    Telephone: (301) 251-0202

SCHLOSSBERG & ASSOCIATES

By:  _/s/ Roger Schlossberg_
    Roger Schlossberg
    134 West Washington Street
    P.O. Box 4227
    Hagerstown, MD 21741-4227
    Telephone: (301) 739-8610

    Attorneys for Plaintiffs